(No. 36602.—

HENRY B. HUFF, Appellant, *vs.* THE DEPARTMENT OF REGISTRATION AND EDUCATION *et al.*, Appellees.

*Opinion filed January 23, 1962.—Rehearing denied March 22, 1962.*

HENRY B. HUFF, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, AUBREY KAPLAN, RAYMOND S. SARNOW, and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellees.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

This is a proceeding under the Administrative Review Act to review a final administrative decision of the Department of Registration and Education revoking plaintiff's certificate of registration as a real-estate broker. Plaintiff appeals from a judgment of the superior court of Cook County affirming the decision of the Department of Registration and Education. Under the statute relating to real-estate brokers and salesmen, we have jurisdiction on direct appeal. Ill. Rev. Stat. 1959, chap. 114½, par. 8h.

The revocation of plaintiff's license followed a hearing conducted by the real-estate examining committee upon a complaint filed with the Department by Thomas Coleman, Jr., and his wife. The report of the committee made certain findings of fact, on the basis of which the committee found respondent had been guilty of conduct constituting grounds for the revocation of his broker's license and recommended that the license be revoked. The Director of Registration and Education adopted the findings and recommendation of the examining committee and revoked plaintiff's license.

The following is a somewhat condensed statement of

the facts as found by the examining committee. In 1954, Mr. and Mrs. Thomas Coleman, Jr., as purchasers, entered into an agreement with Mr. and Mrs. Henry Cooper, as sellers, for the sale and purchase of certain real estate in Chicago. The plaintiff was a real-estate broker in the transaction. The Colemans deposited $1,300 with plaintiff as earnest money, $200 of which he turned over to the sellers. Before the sale was consummated, Henry Cooper died. His wife refused to go through with the transaction and returned the $200 to the Colemans. The plaintiff, however, refused to return to the Colemans the $1,100 earnest money that he retained in his possession.

The Colemans then filed a complaint with the Department, and, after an informal hearing on January 6, 1956, the real-estate supervisor of the Department advised plaintiff that he should return the deposit of $1,100 to the Colemans. The plaintiff refused to return the deposit and represented that he would file a civil suit against the Colemans and Mrs. Cooper to establish his right to a commission. Thereafter, plaintiff filed suit in the municipal court of Chicago against the Colemans and Mrs. Cooper, wherein he claimed the $1,100 as broker's commission. In the municipal court suit, the Colemans counterclaimed for the return of the deposit of $1,100. The complaint before the Department was continued generally pending the outcome of the civil suit.

On October 6, 1959, the municipal court dismissed plaintiff's complaint and rendered judgment for the Colemans on their counterclaim in the sum of $1,100 plus interest and costs. Plaintiff filed a motion to vacate this judgment of the municipal court, which motion was denied on December 9, 1959. Plaintiff did not perfect an appeal from the municipal court judgment.

Thereafter the hearings upon the complaint before the Department were resumed. The examining committee found

that the plaintiff had neglected, failed and refused to return the earnest money deposit of $1,100 with or without interest to the Colemans, although repeatedly requested to do so, and further found that he had neglected, failed and refused to divulge the disposition made by him of such deposit. On the basis of these facts, the committee found that the plaintiff had violated certain specified provisions of section 8 of the act relating to real-estate brokers constituting grounds for revocation. Ill. Rev. Stat. 1959, chap. 114½, par. 8.

The Administrative Review Act provides that the findings and conclusions of the administrative agency on questions of fact shall be held to be *prima facie* true and correct. The findings of fact of the Department, as summarized above, find adequate support in the record. These facts clearly show sufficient statutory grounds for the revocation of plaintiff's license. The trial court correctly affirmed the decision of the Department of Registration and Education.

Plaintiff does not seriously question the essential facts relating to his conduct, but insists that he is entitled to a commission. However, plaintiff's claim in this regard has been decided adversely to him by the municipal court.

Plaintiff contends that the Department of Registration and Education had no jurisdiction to proceed while the matter was pending before the municipal court of Chicago. The question of whether the Department could properly have proceeded to revoke plaintiff's license while his suit was still pending in the municipal court is not before us. The record shows that the Department held its proceedings in abeyance until the municipal court had finally determined adversely to plaintiff on his claim to the $1,100. Despite the fact that the judgment of the municipal court had become final, plaintiff insisted before the Department that his case was still pending in the municipal court, but the only thing to support this claim is a vague reference to his having filed some motion to strike "it" from the record. The record, however,

supports the conclusion of the Department that the judgment of the municipal court is final. This being the case, the contention of plaintiff is not in point.

The judgment of the superior court of Cook County affirming the final administrative decision of the Department of Registration and Education is affirmed.

*Judgment affirmed.*